IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| NICOLE POSSEMATTO, EDY JAKUBIAK, and JOAN GUILIELMOTON, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | 11 C 1660 |
| | ) | |
| ABBAS HOLDINGS I, INC., d/b/a INFINITI GOLD COAST and , LUXURY MOTORS OF DOWNERS GROVE, | ) ) ) ) | Judge Virginia M. Kendall |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Nicole Possemato, Edy Jakubiak, and Joan Guglielmoto sued their former employer, Abbas Holdings I ("Abbas"), alleging in their Amended Complaint that they were subjected to sexual harassment and gender discrimination in violation of Title VII. Abbas moved to dismiss the complaint, asserting that the Plaintiffs were time-barred by Title VII's 90 day statute of limitations. The motion was converted to one for judgment on the pleadings pursuant to Rule 12(c). For the reasons set forth below, the Court denies the Motion for Judgment on the Pleadings.

**I. Background**

The Equal Employment Opportunity Commission ("EEOC") issued right-to-sue letters to the Plaintiffs, dated December 3, 2010. On March 9, 2011, the Plaintiffs filed the present Title VII lawsuit alleging sexual harassment and gender discrimination. In the complaint, the Plaintiffs alleged that the lawyer who represented them before the EEOC, Beth Miller, received the right-to-sue letter on or around December 26, 2010. Abbas moved to dismiss the complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6), arguing that since the three right-to-sue letters were sent via certified mail on December 3, that they were received on or around that date.

In opposing the motion to dismiss, the Plaintiffs provided the certified mail documentation from the United States Postal Office, showing that Miller received the right-to-sue letter on December 31, 2010. The documentation is verified by the affidavit of the Plaintiffs' counsel. The certified mail item number that Beth Miller received matches the certified mail item number on the right-to-sue letters sent by the EEOC. The individual Plaintiffs each submitted an affidavit stating that they never received their own copies of the notice of their right-to-sue. Beth Miller also submitted an affidavit stating that she recalls receiving the right-to-sue letter on December 31, 2010. The 12(b)(6) motion to dismiss was converted to a 12(c) motion for judgment on the pleadings, since both parties had the opportunity to respond.

**II. The Standard of Review**

A motion under Rule 12(c) may be granted only if the plaintiff can prove no set of facts that would entitle her to relief. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *Piscotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Id*. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 1949.

### III. Discussion

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a plaintiff has 90 days after receiving a notice of right-to-sue from the EEOC in which to file his or her civil action. The 90-day period begins to run when the plaintiff or plaintiff's counsel actually receives the right-to-sue letter. *See Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009); *see also Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999). It is the defendant's burden to prove that the lawsuit is untimely by establishing the date that the plaintiffs received the right-to-sue letter. *See Prince,* 580 F.3d at 574. Abbas has not met this burden. Abbas does not come forward with any evidence to show the date on which the Plaintiffs actually received the EEOC's right to sue letter.

Abbas incorrectly assumed that since the date on the right-to-sue letters was December 3, 2010, then the individual Plaintiffs must have received the notices around that same date. The Plaintiffs have refuted that assumption with their certified mail documentation. By providing certified mail documentation that matches the certified mail item number placed on the right-to-sue letter, the Plaintiffs have shown that the letter was not received by their counsel until December 31, 2010. In the present case, the claim was filed March 9, 2010, well within the 90-day period. The

3

Plaintiffs have articulated a claim that plausibly gives rise to an entitlement of relief that is not time-barred. *See Iqbal*, 129 S.Ct. at 1949.

**IV. Conclusion**

For the reasons set forth above, the Court denies Abbas's Motion for Judgment on the Pleadings

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 17, 2011